(Reap. Dec. 10225)

ALLTRANSPORT, INC., ET AL. *v.* UNITED STATES

Entry No. 830586, etc.

(Decided April 17, 1962)

*Eugene R. Pickrell* for the plaintiffs.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the Plaintiffs herein and the Assistant Attorney General for the United States, Defendant, subject to the approval of the Court:

1. The merchandise marked "A" and initialed JJO BS by Examiner J. J. O'Connor B. Struminski consists of Sodium Perborate, exported from West Germany, which was appraised on the basis of foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by section 8 of the Customs Administrative Act of 1938.

2. It is claimed that there is no foreign value as defined, *supra*, for such or similar merchandise, and that the merchandise should have been appraised on the basis of export value, as defined in section 402(d) of the Tariff Act of 1930, as amended, *supra*.

3. The merchandise and issues are the same in all material respects as the merchandise and issues in *U.S.* v. *Philipp Brothers Chemicals, Inc.*, A.R.D. 134 (decided June 13, 1961), wherein it was held that no foreign value as defined in section 402(c), *supra*, existed for such or similar merchandise, and that the proper basis of appraisement was export value, as defined in section 402(d), *supra*.

4. The record in *U.S.* v. *Philipp Brothers Chemicals, Inc.*, A.R.D. 134, be incorporated in the record herein.

5. Based on the affidavits and exhibits in the incorporated record, at the time of exportation of the merchandise marked "A" as aforesaid, the price at which such merchandise was freely offered for sale and sold to all purchasers in the principal market of Western Germany, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was that price indicated below for the appropriate period, less ocean freight and insurance:

| Period | Price per 100 kilos |
|--------|---------------------|
| 1952 | $27.56 |
| 1953 | $25.13 |
| 1954 | $30.86 |
| 1955 | $31.97 |
| 1956 | $30.80 |

6. The appeals enumerated in Schedule "A" hereto annexed may be submitted on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved and that such value for the items in question during the respective periods heretofore indicated was as follows:

| Period | Price per 100 kilos |
|--------|---------------------|
| 1952 | $27.56 |
| 1953 | $25.13 |
| 1954 | $30.86 |
| 1955 | $31.97 |
| 1956 | $30.80 |

All prices indicated above being less ocean freight and insurance.

Judgment will be rendered accordingly.